# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0746-MJR |
| ) | |
| CLAYTON W. HOBBS and ) | |
| JAMES W. HOBBS, ) | |
| ) | |
| Defendants. ) | |

## PRELIMINARY INJUNCTION

**REAGAN, District Judge:**

On October 27, 2008, the United States filed an amended complaint for a temporary restraining order, a preliminary injunction, and a permanent injunction (Doc. 6). The Court held a hearing on the complaint, to the extent that it seeks a preliminary injunction, on October 31, 2008 with all parties present. Defendants indicated that they do not object to the entry of a preliminary injunction in the agreed upon format. Accordingly, the Court now **GRANTS** the Government's motion for the issuance of a preliminary injunction and **ENTERS** the agreed-upon preliminary injunction as follows.

WHEREUPON THE COURT, having considered the matter and being duly advised in the premises now finds that a Temporary Restraining Order should and hereby does **ISSUE** pursuant to 18 U.S.C. § 1345 and 28 U.S.C. § 3101 and Federal Rule of Civil Procedure 65(b).

Title 18, Section 1345 of the United States Code authorizes the Attorney General to commence a civil action seeking a restraining order against any person who "is alienating or disposing of property, or intends to alienate or dispose of property, obtained as a result of a Federal health care offense or property which is traceable to such violation." The restraining order may "(I)

prohibit any person from withdrawing, transferring, removing, dissipating, or disposing of any such property or property of equivalent value." In addition, the restraining order "shall be granted without bond." 18 U.S.C. § 1345(a)(3).

The Court finds that the United States has shown probable cause to believe that Defendant James Hobbs is or has been attempting to sell the assets of Mercy Regional Health Systems, Ltd., which have been obtained as a result of or are traceable to a Federal health care offense. The Court further finds that the United States has made a sufficient showing that there is no adequate remedy at law and that if the Defendants are not restrained, there is a likelihood that Defendants will dispose of the assets of Mercy Regional Health Systems, Ltd. In addition, the Court finds that a continuing and substantial injury to the United States and victims, as identified in *U.S. v. Clayton W. Hobbs, et al., Case No. 08-30042-MJR*, pending before this Court, is likely to occur with Defendant James Hobbs' disposition or attempted disposition of the assets of Mercy Regional Health Systems, Ltd., that were obtained as a result of or traceable to a Federal health care offense. The irreparable harm necessary is established in light of the statutory basis for the issuance of a temporary restraining order under the showing made by the United States. *See* 18 U.S.C. § 1345 and 28 U.S.C. § 3101. The Court also finds that under the circumstances of this case, the United States has met the burden of showing that the harm to Plaintiff if the temporary restraining order is wrongly denied outweighs the harm to Defendants if the temporary restraining order is wrongly granted. Finally, the Court finds that the public's interest can only be protected if the temporary restraining order is granted.

THEREFORE, this Court issues a preliminary injunction enjoining and prohibiting the Defendants, their agents, servants, employees, attorneys, and all persons acting in concert and

participation with them, be enjoined from transferring, selling, assigning , dissipating, or otherwise disposing of, in any manner, property or assets of Mercy Regional Health Systems, Ltd., real or personal, gained or acquired as a result of or traceable to a Federal health care offense.

**IT IS SO ORDERED.**

**DATED this 31st day of October 2008.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL   J.   REAGAN**
**United States District Judge**